IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF VIRGINIA
HARRISONBURG DIVISION

| | | |
|---|---|---|
| THOMAS L. SWITZER, | ) | Civil Action No. 5:11-cv-00086 |
|     Plaintiff, | ) | |
| | ) | |
| v. | ) | **MEMORANDUM OPINION** |
| | ) | |
| RAY ROBERTSON, | ) | By:   Hon. Michael F. Urbanski |
|     Defendant. | ) |        United States District Judge |

Thomas L. Switzer, proceeding pro se, filed a civil rights complaint pursuant to 42 U.S.C. § 1983 with jurisdiction vested in 28 U.S.C. § 1343. Plaintiff names Ray Robertson, the Commonwealth's Attorney for the City of Staunton, as the sole defendant. Plaintiff argues that Virginia Code § 18.2-429 violates the First, Fifth, and Fourteenth Amendments of the United States Constitution. This matter is before the court for screening, pursuant to 28 U.S.C. § 1915(e)(2), because plaintiff requests leave to proceed in forma pauperis. After reviewing plaintiff's submissions, the court dismisses the complaint without prejudice.

I.

Plaintiff is presently being prosecuted for violating Virginia Code § 18.2-429 because plaintiff allegedly called a woman with the intent to annoy. According to state court records, plaintiff made the alleged call on June 25, 2011, and was arrested on July 8, 2011. The General District Court for the City of Staunton found plaintiff guilty of violating § 18.2-429, and plaintiff appealed to the Circuit Court for the City of Staunton the same day. Plaintiff's trial in the Circuit Court was scheduled for August 22, 2011, but the prosecuting attorney received a continuance until October 3, 2011. Plaintiff signed the instant Complaint on August 24, 2011.

Plaintiff argues that § 18.2-429 "has a chilling effect on free speech" because it prohibits

phone calls made "with or without the intent to communicate" and "effectively outlaws communication by telephone." (Compl 2, 3.) Plaintiff also concludes that § 18.2-429 abridges a parent's First Amendment right to "associat[e] in the exercise of visitation ordered by the state courts." (Id. 4.) Plaintiff requests as relief "[r]emoval of the case from the state court and a judgment declaring V[irginia] Code § 18.2-429 unconstitutional." (Id.) Plaintiff does not describe which case he wants removed to federal court, but the court presumes he means the active state court criminal action proceeding against him for allegedly violating § 18.2-429. Plaintiff also does not specify the Fifth or Fourteenth Amendment violations he alleges in his Complaint's introduction.

II.

The court must dismiss any action or claim filed by a person proceeding in forma pauperis if the court determines that the action or claim is frivolous or fails to state a claim on which relief may be granted. See 28 U.S.C. §§ 1915(e)(2). The first standard includes claims based upon "an indisputably meritless legal theory," "claims of infringement of a legal interest which clearly does not exist," or claims where the "factual contentions are clearly baseless." Neitzke v. Williams, 490 U.S. 319, 327 (1989). The second standard is the familiar standard for a motion to dismiss under Federal Rule of Civil Procedure 12(b)(6), accepting the plaintiff's factual allegations as true. A complaint needs "a short and plain statement of the claim showing that the pleader is entitled to relief" and sufficient "[f]actual allegations . . . to raise a right to relief above the speculative level . . . ." Bell Atl. Corp. v. Twombly, 550 U.S. 544, 555 (2007) (internal quotation marks omitted). A plaintiff's basis for relief "requires more than labels and conclusions . . . ." Id. Therefore, a plaintiff must "allege facts sufficient to state all the elements of [the] claim." Bass v. E.I. Dupont de Nemours & Co., 324 F.3d 761, 765 (4th Cir. 2003).

However, determining whether a complaint states a plausible claim for relief is "a context-specific task that requires the reviewing court to draw on its judicial experience and common sense." Ashcroft v. Iqbal, __ U.S. __, 129 S. Ct. 1937, 1950 (May 18, 2009). Thus, a court screening a complaint under Rule 12(b)(6) can identify pleadings that are not entitled to an assumption of truth because they consist of no more than labels and conclusions. Id. Although the court liberally construes pro se complaints, Haines v. Kerner, 404 U.S. 519, 520-21 (1972), the court does not act as the pro se plaintiff's advocate, sua sponte developing statutory and constitutional claims the plaintiff failed to clearly raise on the face of the complaint. See Brock v. Carroll, 107 F.3d 241, 243 (4th Cir. 1997) (Luttig, J., concurring); Beaudett v. City of Hampton, 775 F.2d 1274, 1278 (4th Cir. 1985). See also Gordon v. Leeke, 574 F.2d 1147, 1151 (4th Cir. 1978) (recognizing that district courts are not expected to assume the role of advocate for the pro se plaintiff).

Plaintiff asks the court to declare that Virginia Code § 18.2-429 violates the United States Constitution, presumably so that the Commonwealth of Virginia will be prevented from continuing its criminal prosecution of him. However, the court declines to consider the merits of his arguments because it will not grant equitable relief to stay or declaratory relief to interrupt related state criminal proceedings already pending when plaintiff instituted this action. Younger v. Harris, 401 U.S. 37, 54 (1971); Samuels v. Mackell, 401 U.S. 66, 73 (1971). "[O]rdinarily[,] a pending state prosecution provides the accused a fair and sufficient opportunity for vindication of federal constitutional rights." Kugler v. Helfant, 421 U.S. 117, 124 (1975). Accordingly, plaintiff is free to make his present arguments to the state court during the adjudication of his criminal charges, and it would be unduly disruptive to the Commonwealth of Virginia for the court to issue a declaratory judgment.

To the extent plaintiff seeks removal of his criminal proceedings to federal court, plaintiff cannot proceed here.  The Rooker-Feldman doctrine generally bars district courts from "sitting in direct review of state court decisions."  District of Columbia Court of Appeals v. Feldman, 460 U.S. 462, 483 n.16 (1983); Rooker v. Fidelity Trust Co., 263 U.S. 413, 415-16 (1923).  But see 28 U.S.C. § 2254 (permitting habeas review of state court decisions).  This doctrine is based on the Congress' grants of jurisdiction to federal courts because only the United States Supreme Court may review a decision of a state's highest court.  28 U.S.C. § 1257(a).  See , e.g., 28 U.S.C. §§ 1330-1369 (provisions of limited jurisdiction to federal district courts).  Because the Rooker-Feldman doctrine goes to subject matter jurisdiction, it may be raised at any time.  Plyler v. Moore, 129 F.3d 728, 731 n.6 (4th Cir. 1997).

The Rooker-Feldman prohibition extends "not only to issues actually decided by a state court but also to those that are inextricably intertwined with questions ruled upon by a state court."  Safety-Kleen, Inc. v. Wyche, 274 F.3d 846, 857-58 (4th Cir. 2001) (quotation marks omitted).  "A federal claim is 'inextricably intertwined' with a state court decision if success on the federal claim depends upon a determination that the state court wrongly decided the issues before it."  Id.  The Rooker-Feldman doctrine also bars issues that could have been raised in the state court proceeding.  Feldman, 460 U.S. at 482 n.16; Allstate Insurance Co. v. West Virginia State Bar, 233 F.3d 813, 819 (4th Cir. 2000).  A party "may not escape the jurisdictional bar of Rooker-Feldman by merely refashioning its attack on the state court judgment[] as a § 1983 claim."  Jordahl v. Democratic Party, 122 F.3d 192, 202 (4th Cir. 1997).

The state court records show that plaintiff has been convicted by the General District Court and sought a de novo review by the Circuit Court.  See Fed. R. Evid. 201(b)(2) (permitting a federal court to take judicial notice of certain facts); Colonial Penn Ins. Co. v. Coil, 887 F.2d

1236, 1239-40 (4th Cir. 1989) (stating a federal court may in the interests of justice take judicial notice of state court proceedings that involve the issues pending in the federal court). See also Gasner v. Dinwiddie, 162 F.R.D. 280, 282 (E.D. Va. 1995) (permitting district court to take judicial notice of public documents, such as court records, even when the documents are neither referenced by nor integral to plaintiff's complaint).  The court is not authorized to entertain an appeal from either state trial court.  If plaintiff is not satisfied with the result from the Circuit Court, he must seek direct review by Virginia's appellate courts and the Supreme Court of the United States, not by this federal district court.

III.

For the foregoing reasons, plaintiff may file his Complaint in forma pauperis but fails to state a claim upon which relief may be granted.  Accordingly, the court dismisses the Complaint without prejudice.

The Clerk is directed to send a copy of this memorandum opinion and the accompanying order to the plaintiff.

Entered:  August 29, 2011

/s/ Michael F. Urbanski

Michael F. Urbanski
United States District Judge